CARRIE B. WELLS *vs.* GREAT EASTERN CASUALTY COMPANY.

JUNE 13, 1917.

PRESENT:  Parkhurst, C. J., Sweetland, and Baker, JJ.

*(1)   Insurance.   Warranties.   Application.*

Where a policy was issued " in consideration of the agreements and statements in the application, a copy of which is endorsed hereon and made a part hereof, which the insured makes and warrants to be true and

material by the acceptance of this policy," among the "agreements" in the policy being one that "this policy with the copy of application and any riders or endorsements signed by an officer at the home office and endorsed hereon or attached hereto shall constitute the entire contract of insurance," the obligation of the insurer is based upon the existence of an application binding upon the insured, and if insured claims that no application existed owing to the fact that he did not sign it, then the consideration upon which the policy was issued was lacking, and plaintiff's action, based upon the policy, should fail.

*(2)  Insurance.  Warranties.  Estoppel.*

Where a policy was issued "in consideration of the agreements and statements in the application a copy of which is endorsed hereon and made a part hereof," and insured accepted the policy, he is estopped from denying that he made the application and both he and the beneficiary would be bound by the statements and warranties contained in such copy of application, although insured had neglected to sign it.

*(3)  Insurance.  Pleading.  Warranties.*

In an action on a policy of insurance, where defendant company filed with its plea a copy of the policy, having a copy of an application endorsed thereon, in which copy the blank for signature of applicant was filled in with name of insured, and plaintiff in the replication to the plea referred to the "original application," plaintiff thereby treated said copy as a copy of application made by insured and binding upon him.

ASSUMPSIT.  Heard on motion for reargument and denied.

SWEETLAND, J.  The case is before us upon the plaintiff's motion for a reargument.  In said motion for the first time appears the plaintiff's claim that according to the evidence the insured never signed the application, a copy of which is endorsed on the policy, and that consequently the insured made no statement or warranty of any kind in obtaining the policy.  At the trial as part of her proof the plaintiff introduced what she stated was the policy upon which she based her suit and the same is among the papers of the case and is marked "Plff's Ex. 1."  On the back of said exhibit is a "Copy of Application."  She now calls the court's attention to the fact that in said copy of application the space for the

21

signature of the applicant is blank. In our opinion this claim should not avail the plaintiff.

A portion of said copy of application is as follows: " I hereby apply for a policy to be based upon the following statement of facts, all of which I warrant to be true, complete and material and binding on me, whether written by me or any other person." . . . " 1. My full name is Winfield Scott Wells,. M. D." Then follow twenty-two distinct statements of fact, including the one marked " 12 " which is in controversy in the case and has been considered in the former opinion of the court.

(1)    By its terms the policy is issued " in consideration of the agreements and statements in the application, a copy of which is endorsed hereon and made a part hereof, which the insured makes and warrants to be true and material by the acceptance of this policy." Among the " agreements " contained in the policy is the following: " 11. This policy with the copy of application and any riders or endorsements signed by an officer at the home office and endorsed hereon or attached hereto shall constitute the entire contract of insurance." It is plain from the terms of the policy, accepted by the insured, that the existence of an application by the insured and the truth of the statements therein contained have been made by the parties matters material to the acceptance of the risk. The obligation of the insurer is based upon the existence of an application binding upon the insured. If no application existed, containing the agreements and statements referred to in the policy, that consideration upon which the policy was issued was lacking and the plaintiff's action based upon the policy should fail.

(2)    In our opinion if the insured accepted said policy he would be precluded by estoppel from denying that he made the application, a copy of which was endorsed on the policy; and both he and the beneficiary would be bound by tl ᵉ statements and warranties contained in such

copy of application, although the insured had neglected to sign his name at the foot of the application. It further appears by reference to the pleadings in the case that the defendant in its second plea alleged that before it issued said policy it required the insured in his application to warrant as true said statement numbered 12. With this plea the defendant filed a copy of the policy having the copy of application endorsed thereon, and in said copy of application the blank for the signature of applicant is filled with the name of " Winfield Scott Wells, M. D." In her replication to this plea the plaintiff alleges " that she ought not to be barred from having and maintaining her aforesaid action against said defendant because she says that the statement contained in the original application that no accident, sickness or life insurance policy issued to the said Winfield Scott Wells had even been cancelled or renewal refused was true when said statement was made; and was true at the date of each renewal of the said contract of insurance." The plaintiff in said replication and throughout the travel of the case has treated said copy as a copy of application made by Winfield Scott Wells and binding upon him and upon her.

The other matters contained in the plaintiff's motion for reargument have been fully considered by the court before filing its former opinion in the case.

The motion for reargument is denied.

*Walter P. Suesman, Asa B. Suesman,* for plaintiff.
*Boss & Barnefield,* for defendant.